17M787

JD:SME
F#. 2017R01497

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION FOR A SEARCH WARRANT FOR: | AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT |
| THE PERSON KNOWN AND DESCRIBED AS WILLIE GARY, DATE OF BIRTH SEPTEMBER 17, 1986 | (Fed. R. Crim. P. 41) |

- - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

JENNIFER CARDILLO, being duly sworn, deposes and states that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

Upon information and belief, there is probable cause to believe that evidence of a violation of Title 18, United States Code, Section 1951—specifically, that on or about July 20, 2017, WILLIE GARY, date of birth September 17, 1986, committed an armed robbery of a Seven Eleven store in Brooklyn, New York—will be obtained by taking, and preserving as evidence, a buccal swab sample or blood sample of WILLIE GARY.[1]

---

[1] Some of the courts that have addressed the issue have found that obtaining DNA via saliva is subject to the protections of the Fourth Amendment. See United States v. Nicolosi, 885 F. Supp. 50, 51-56 (E.D.N.Y. 1995) (Glasser, J.); In re Shabazz, 200 F. Supp. 2d 578, 581-85 (D.S.C. 2002). But see United States v. Owens, 2006 WL 3725547, at *6-17 (W.D.N.Y. Dec. 15, 2006) (finding probable cause not necessary for a saliva sample for DNA from an inmate); In re Vickers, 38 F. Supp. 2d 159, 165-68. (D.N.H. 1998) (permitting saliva sample by grand jury subpoena).

The source for your deponent's information and the grounds for her belief are as follows:[2]

## I. Background

1. I am an ATF Special Agent. The facts set forth in this affidavit come from a review of records of the ATF, New York City Police Department ("NYPD") and other government agencies, including video footage recorded by surveillance cameras and reports of victim interviews, and conversations with other law enforcement officers.

2. I have been involved in an investigation of WILLIE GARY in connection with the aforementioned criminal activity.

3. On or about July 20, 2017, at approximately 11:00 p.m., an unknown black male, later identified as WILLIE GARY, entered a Seven Eleven store at 1239 Fulton Street in Brooklyn, New York. One employee ("Victim-1") was working inside the store and another employee ("Victim-2") was standing outside the store. GARY approached Victim-1 and said, in sum and substance, "Don't do anything funny; don't press any buttons so you don't get hurt; put all the money in a bag." GARY lifted up his shirt and displayed a firearm in his waistband.

4. According to Victim-1, Victim-1 began to hand money from the register to GARY. At that time, a female co-conspirator (the "Co-Conspirator"), entered the store and asked to buy a slice of pizza. GARY told Victim-1, in sum and substance to "help out" the Co-Conspirator, and the Co-Conspirator purchased a slice of pizza. Victim-1

---

[2] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to search, all of the facts and circumstances relevant to this investigation are not set forth in this affidavit.

2

recognized the Co-Conspirator as having been in the store approximately ten minutes prior to the robbery.

5. Victim-2 then entered the store and went behind the counter. GARY stated to Victim-2, in sum and substance, "I have a gun, give me the money out of the register," and Victim-2 complied. GARY and the Co-Conspirator then fled the store.

6. Victim-1 described GARY as wearing purple baseball hat, a red du-rag, eyeglasses, a black hooded sweatshirt, a black shirt with a red stripe, black jeans and black sneakers.

7. The robbery was witnessed by a man who called 911 (the "Witness"). When GARY and the Co-Conspirator left the store, the Witness confirmed with the Victims that the Victims had just been robbed. The Witness then followed GARY and the Co-Conspirator. The Witness observed GARY and the Co-Conspirator fleeing in the direction of Arlington Place and then observed the Co-Conspirator changing her clothing.

8. After the robbery, NYPD Officers responded to the scene. The NYPD recovered a red du-rag in front of 24 Arlington Place, Brooklyn, NY (the "Red Du-Rag").

9. I have reviewed video surveillance obtained from the Seven Eleven store at the time of the robbery. I have also reviewed NYPD records pertaining to WILLIE GARY, which include an arrest photo of GARY taken on August 11, 2017. I believe the male shown on camera participating in the robbery of the Seven Eleven to be GARY. The Red Du-Rag looks like the du-rag worn by GARY during the robbery.

10. On September 6, 2017, a Grand Jury in the Eastern District of New York returned an indictment charging WILLIE GARY with Hobbs Act robbery conspiracy and six counts of Hobbs Act robbery – including the July 20, 2017 robbery of the Seven

Eleven located at 1239 Fulton Street, Brooklyn, New York – all in violation of 18 U.S.C. § 1951.

## II. DNA Evidence

11. DNA from the Red Du-Rag was sent to the New York City Office of the Chief Medical Examiner ("OCME") for DNA analysis. The OCME tested DNA evidence from the Red Du-Rag. DNA from a male donor makes up 99% of the DNA sample. A profile was developed for that male donor.

12. Based on the facts set forth above and information obtained during the course of the investigation, there is a substantial likelihood that WILLIE GARY is a contributor to the DNA taken from the Red Du-Rag.

13. The government wishes to obtain a DNA sample from WILLIE GARY so that the OCME can perform a complete analysis of whether WILLIE GARY was a contributor to any DNA material found on the Red Du-Rag.

14. Based on the above information, there is probable cause to believe that the defendant WILLIE GARY is a contributor to DNA evidence found on the Red Du-Rag. Therefore, there is probable cause to believe that a buccal swab or sample of his blood would constitute evidence of WILLIE GARY's commission of the robbery detailed above.

WHEREFORE, your deponent requests that a search warrant be issued authorizing ATF Special Agents, NYPD officers, United States Marshals and other appropriate law enforcement and support personnel to seize and obtain from WILLIE GARY a buccal swab sample or sample of blood. An appropriately trained law enforcement officer, or an appropriately trained designee, will perform the cheek swabbing. The DNA samples sought herein will be collected by buccal swabbing. This method involves taking a

sterile swab (similar to a Q-Tip) and gently scrubbing the inside right cheek and inside left cheek, for approximately five to ten seconds. Two samples are requested in the event that one of the samples becomes contaminated or otherwise cannot be tested. The samples seized will be subsequently submitted to a forensic laboratory for examination and will be subject to examination, testing and analysis. A blood sample will only be sought in the event that GARY refuses to submit to a buccal cheek swab. In the event that a blood sample is taken, a licensed doctor or nurse or other qualified medical practitioner will take the sample.

JENNIFER CARDILLO
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me this
6th day of September, 2017

s/Orenstein

THE HONORABLE JA
UNITED STATES MA
EASTERN DISTRICT

5